IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**WILLIAM PARRIS SKEENS,**

    **Petitioner,**

v.                                         Case No.: 1:20-cv-00749

**TIMOTHY KING, Superintendent,**
**Southwestern Regional Jail and**
**Correctional Facility,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), and Respondent's Motion to Dismiss. (ECF No. 9). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After thorough consideration of the record, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss, (ECF No. 9); **DENY, without prejudice**, Petitioner's § 2254 Petition for a Writ of Habeas Corpus, (ECF No. 1); and **DISMISS** and **REMOVE** this case from the docket of the Court.

**I.**    **Facts and Procedural History**

    **A.**    *Conviction and Sentence*

On November 19, 2019, William Skeens pled guilty to escape and attempt to

1

commit grand larceny in cases numbered 18-F-268 MW and 19-F-239-MW in the Circuit Court of Mercer County, West Virginia ("state court"). (ECF No. 9-12 at 1–2). On January 22, 2020, he was sentenced to three determinate terms of five (5) years each for the escape convictions, as well as an indeterminate term of one to three (1–3) years for the attempted grand larceny conviction. (ECF No. 9-14). He did not appeal. (ECF No. 1 at 2).

### B. State Habeas Petition

On July 21, 2020, Skeens filed a petition for a writ of habeas corpus in the state court. (ECF No. 9-16). He asserted three grounds in support of his petition: (1) his dissatisfaction with his plea deal and inconsistent legal representation; (2) that one of the escape charges to which he pled guilty did not take place in Mercer County; and (3) that his arrest at his parents' house was improper, because authorities lacked a warrant and entered through the window. (*Id.* at 7). On December 1, 2020, the state court denied Skeens's petition, holding that a preponderance of the evidence showed that his plea was knowing, voluntary, and intelligent; that the court had jurisdiction; and that there were no irregularities in his arrest. (ECF No. 9-17). He did not appeal the denial of his petition. (ECF No. 1 at 3).

### C. Federal Habeas Petition

On November 16, 2020, Skeens filed the instant § 2254 petition challenging his state court conviction. (ECF No. 1). Therein, he asserts the following two grounds that are so interrelated as to be indistinguishable: (1) that he was charged and convicted of escape in Case No. 19-F-239-MW in the "wrong county" because he was not in Mercer County when he planned his escape—he was in Raleigh County; and (2) that he was never transported from the Southern Regional Jail to court in Mercer County, so he

2

could not have escaped from Mercer County. (*Id.* at 5–7). Throughout his petition, Skeens emphasizes that he has raised this issue in the state court under a petition for a writ of habeas corpus but the state court "never replied." (*Id.* at 12). As for relief, Skeens asks that the escape charge be "dropped." (*Id.* at 15).

On February 2, 2021, Respondent filed a Motion to Dismiss Skeens's federal petition and a contemporaneous memorandum of law, arguing that Skeens had failed to exhaust any of the grounds raised in the petition, as required by § 2254(b)(1)(A). (ECF Nos. 9, 10). Respondent notes that Skeens filed his federal habeas petition before receiving a ruling from the state court on his state habeas petition, and then did not appeal the denial of his state habeas petition to the Supreme Court of Appeals of West Virginia ("SCAWV"). (*Id.* at 6–7). He argues that the instant petition should be dismissed without prejudice. (*Id.* at 7). Skeens was given an opportunity to file a reply memorandum, but has not done so, and the deadline for such a reply has since lapsed. (ECF No. 11).

## II.   Standards of Review

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standard set forth in § 2254(d), which provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

> (1) contrary to, or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Moreover, the factual determinations made by the state court are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Thus, when reviewing a petition for habeas relief, the federal court uses a "highly deferential lens." *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams*, 529 U.S. at 405) (internal quotations omitted). The district court may grant a habeas writ under the "unreasonable application" clause if the state court "identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id.* at 300–01 (internal marks omitted). Accordingly, the AEDPA limits the federal habeas court's scope of review to the reasonableness, rather than the

correctness, of the state court's decision. A federal court may not issue a writ under this standard "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 365.

Here, Respondent filed a motion to dismiss, presumably under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). When deciding a motion under Rule 12(b)(6), the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nevertheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(b)(6) motion to dismiss in a section 2254 case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, when resolving the motion, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *Id.*

### III. Discussion

Before a state prisoner can bring a § 2254 petition in federal court, the prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in

considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491, (1973). In order to comply with the exhaustion requirement, a petitioner must have offered the state an adequate "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation omitted). While it is unnecessary to cite "book and verse on the federal constitution," the petitioner must first present the "substance of a federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Thus, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). In West Virginia, exhaustion is accomplished in one of three ways: by (1) presenting the federal constitutional issues directly to the SCAWV through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the SCAWV, if the result is adverse; or (3) filing a petition for a writ of habeas corpus under the SCAWV's original jurisdiction and receiving a dismissal with prejudice. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *see also McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W. Va. 1986); *and Gardner v. Plumley*, No. 2:12-cv-03386, 2013 WL 5999041, at *5 (S.D. W. Va. Nov. 12, 2013).

In this case, the undersigned **FINDS** that, at the time Skeens filed his federal habeas petition, none of the claims raised in the petition had been exhausted. Indeed, because the state court had not yet rendered its decision on Skeens's state habeas petition, Skeens could not have used § 2254 to challenge any unreasonable factual or legal determination made at the state level. Since the filing of the instant petition, Skeens has received a negative ruling from the circuit court, but did not appeal the

6

decision to the SCAWV. Because Skeens did not file a reply in opposition to Respondent's motion to dismiss, he offers no argument or evidence to indicate that he has exhausted his state court remedies, or that the exhaustion requirement should be waived. Until Skeens exhausts his state remedies regarding the claims that he wishes to raise under § 2254, the petition is premature in this court.

In general, a district court may not review a federal habeas petition unless there has been "total exhaustion" by the state courts of the presenting claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, when a petitioner fails to exhaust state court remedies, his federal habeas petition typically is dismissed. *See Preiser,* 411 U.S. at 477. The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs state prisoners' ability to raise claims in federal habeas review, contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Section 2244(d)(2) clarifies that the running of the one-year period is suspended

for any time that a "properly filed" state post-conviction proceeding "is pending." *Id.* § 2244(d)(2). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

Skeens was sentenced on January 22, 2020. (ECF No. 14-3). He had four months under state law to perfect an appeal in the SCAWV. However, he did not file a direct appeal. Thus, absent any tolling for a motion for reconsideration, his judgment would have become final four months after he was sentenced. *Riley v. Vest*, No. 5:17-CV-02367, 2018 WL 616160, at *3 (S.D.W. Va. Jan. 5, 2018), *report and recommendation adopted,* 2018 WL 606208 (S.D.W. Va. Jan. 29, 2018). Skeens filed his state habeas petition on July 1, 2020, which tolled the AEDPA limitations period. However, he has not yet followed that proceeding through to exhaustion. Accordingly, the undersigned **FINDS** that Skeens's petition should be dismissed, **without prejudice,** due to his failure to exhaust his claims in state court.

## IV. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Respondent's Motion to Dismiss, (ECF No. 9), be **GRANTED**;

2. That this action be **DISMISSED, without prejudice**, and **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** April 22, 2021

Cheryl A. Eifert
United States Magistrate Judge